UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 8:25-cr-292-MSS-AEP

TYLER RUSSELL KUHN

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States files this sentencing memorandum to request that this Court sentence the defendant to a guideline sentence of 342 months imprisonment, with a lifetime of supervised release. The guideline range is 324 to 360 months imprisonment. In support thereof, the United States submits as follows:

I. **Background**

On June 12, 2025, the defendant was indicted by a federal grand jury on a two-count indictment, charging him with production and distribution of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2). Doc. 12. On December 16, 2025, the defendant pleaded guilty to Count One of the Indictment and his plea was accepted by the District Court. Doc. 34 and 43. Sentencing is scheduled for March 12, 2026. Doc. 43.

II. **Presentence Investigation Report**

On February 26, 2026, U.S. Probation issued the Initial Presentence Investigation Report ("PSR"). Doc. 46. It determined the defendant's applicable guidelines range for the underlying offenses as 324 to 360 months, based on an

1

adjusted total offense level of 40 and a criminal history category I. *Id* at ¶ 67[1]. Count One, production of child pornography, has a 15-year mandatory minimum term of imprisonment and the applicable period of supervised release is five years to life. *Id* at ¶ 66, 69.

For the reasons that follow, this Court should adopt the PSR's facts and guideline calculation. The defendant's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands a guidelines sentence.

## III.   Argument for a Guideline Sentence

The Supreme Court has declared, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United Sates*, 522 U.S. 38, 41 (2007). Although a sentencing court may not presume that a guideline-range sentence is reasonable, the Sentencing Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of

---

[1] The guideline imprisonment range is 324 months to 405 months, but as that exceeds the statutorily authorized maximum sentence of 30 years, the guideline range becomes 324 months to 360 months.

the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The defendant's conduct, considered in conjunction with the sentencing factors set forth, calls for a guideline sentence.

### A. Nature and circumstances of the offense

As he has now admitted under oath, the defendant created a short video and image of child sexual abuse material (CSAM) involving a toddler and sent it to a pedophile to satisfy his own sexual desires, without regard to the harm being caused to the toddler, when he was entrusted with this child's care. See PSR Offense Conduct, ¶ 13-19. This conduct is egregious and predatory. The seriousness of the defendant's offense conduct demonstrates the necessity of a guidelines sentence. The defendant did not suffer from a solitary lapse in judgment. He made a calculated choice to satisfy his own desires and put that need above all else.

Although this Court must consider other factors beyond the defendant's offense conduct, this Court should nonetheless give significant weight to his offense conduct in crafting his sentence here. *See, e.g.*, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is

committed to the sound discretion of the district court."). Producing and distributing CSAM to live in perpetuity on the internet warrants harsh punishment.

### B. History and characteristics of the defendant

The PSR documents the defendant's history and characteristics. While his father passed away when defendant was a child, he described a stable upbringing with healthy activities and close family relationships. He denied being the victim of any physical or sexual abuse. He discussed past mental health treatment but didn't think he needed continued treatment. There is nothing so unique about the defendant's history or upbringing to explain these charges. He chose to prey on a minor child for his own sexual gratification.

### C. Seriousness of the crime, promoting respect for the law, and the need for just punishment

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

The Defendant's conduct showed that he has no respect for the law. When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act, and its later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

Indeed, child sexual abuse "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." *See Kennedy v. Louisiana*, 554 U.S. 407, 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting) (quoting C. Bagley & K. King, Child Sexual Abuse: The Search for Healing 2 (1990)). The defendant's actions violated federal law, but they also transgressed accepted social norms that undergird our laws. His conduct was unnatural, morally repugnant, and incompatible with a well-ordered society.

The victim impact statements shared with the Court through the PSR state best the harm caused to the victim and her family in this case. This Court's sentence must express an appropriate level of condemnation of his crime.

### D. Adequate deterrence and the need to protect the public

Deterrence is especially important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). As this Circuit recognized in *Irey*, research in this field is "consistent with what judicial decisions show: pedophiles who have sexually abused children are a threat to continue doing so, and age does not remove the threat." 612 F.3d at 1214 (citing various studies and reports); *see also United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders.").

This Court should also impose a guidelines sentence to send a strong warning to other individuals currently involved in or considering similar conduct. *See Irey, 612 F.3d at 120*8 ("There is another aspect of the compounding harm that the production

and distribution of child pornography inflicts. It may incite or encourage others to sexually abuse children.").

## IV. Conclusion

For the reasons outlined, the Court should sentence the defendant to a guideline sentence of 342 months, followed by lifetime supervision, which is sufficient, but not greater than necessary, to account for his crimes.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  */s/ Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile:  (813) 274-6358
E-mail: Ilyssa.Spergel@usdoj.gov

U.S. v. Kuhn                                          Case No. 8:25-cr-292-MSS-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: Ilyssa.Spergel@usdoj.gov